IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMOJI COMPANY GmbH, | ) | |
| | ) | Case No.: 21-cv-1603 |
| Plaintiff, | ) | |
| | ) | Judge John J. Tharp, Jr. |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED | ) | |
| LIABILITY COMPANIES, PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS IDENTIFIED | ) | |
| ON SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

Plaintiff, EMOJI COMPANY GmbH (hereinafter "Plaintiff" or "EMOJI"), by and through its undersigned counsel, files the following Memorandum in compliance with this Court's Minute Order dated September 27, 2022 [Dkt. No. 148] and states as follows:

**I. Introduction**

On January 16, 2022, Deng Kaiwen filed a pro se Appearance and Joint Motions to Vacate Default Judgment and to Dismiss Plaintiff's Complaint on behalf of Defendant NALLER (hereinafter "Defendant"). The Court set a briefing schedule on Defendant's Motion on January 20, 2022. Plaintiff filed its Response on February 9, 2022. Defendant filed its Reply on February 23, 2022.

On August 16, 2022, the 7th Circuit Court of Appeals entered an Opinion and Order in *NBA Properties, Incorporated, et al., v. HANWJH*. On September 27, 2022, this Court directed each party to file a supplemental memorandum concerning the relevance of the NBA Properties decision with regard to Defendant NALLER's Motions to Vacate Default Judgment and to Dismiss the Complaint.

1

## II.　NBA Properties, Incorporated, et al., v. HANWJH

A group of professional and collegiate sports associations brought a trademark infringement action against a number of online retailers allegedly selling counterfeit goods that infringed their Trademarks. One Defendant, HANWJH, filed a Motion to Dismiss arguing lack of personal jurisdiction and insufficient service of process. The United States District Court for the Northern District of Illinois denied HANWJH's Motion to Dismiss and entered a Default Judgment. HANWJH appealed the denial of its Motion to Dismiss based solely on its claim that the Court lacked personal jurisdiction.

The Appellate Court in turn summarily rejected HANWJH's assertion that the Court lacked personal jurisdiction. In affirming the ruling of the District Court, the Appellate Court found that: (1) HANWJH purposefully directed its conduct at Illinois, (2) HANWAJH's contact with Illinois was related to the trademark infringement claim and (3) subjecting HANWAJH to the jurisdiction of Illinois does not offend traditional notions of fair play and substantial justice.

Relying on the *Hemi* and *Curry* decisions, the Court recognized that the Defendant undertook several affirmative steps to ensure that it could operate its online store and target Illinois consumers. "HANWJH's actions certainly can be characterized as purposeful. It established an online store, using a third-party retailer, Amazon.com. Through this online store, it unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022). The Court further rejected the Defendant's argument that an insufficient number of products were sold within Illinois. "[T]alismanic jurisdictional formulas" are not an acceptable instrument in the toolbox of a court assessing personal jurisdiction. *Burger King*, 471 U.S. at 485, 105 S.Ct. 2174. "The

question is not whether the plaintiff purchased enough goods to subject the defendant to personal jurisdiction. The focus is whether HANWJH purposefully directed its conduct at Illinois." *NBA Properties, Inc.*, at 625.

The Court also affirmatively stated that the offering of infringing products for sale is sufficiently related to a claim of trademark infringement under the Lanham Act. "A vendor violates the Lanham Act when it lists for sale infringing products. It does not matter that counsel for NBA Properties purchased the goods, as actual confusion is not necessary. The likelihood of confusion, the basis for the suit, is sufficiently related to HANWJH's act of selling the infringing product to Illinois, the basis for personal jurisdiction, that due process is not offended." See *Curry*, 949 F.3d at 401–02. *NBA Properties, Inc.* at 626–27.

Finally, the Court found no violation of traditional notions of fair play and substantial justice. "In Curry, we held that there was no unfairness in making a seller defend a suit in a state where it structured its business to "easily serve the state's consumers." 949 F.3d at 402. *NBA Properties, Inc.* at 627 "Illinois no doubt has an interest in protecting its consumers from purchasing fraudulent merchandise." *Id.*

**III.    Argument**

The NBA Properties decision is directly relevant to Defendant's pending Motions. Both cases rely on a similar pattern of facts. Like in *NBA Properties*, the Defendant owns and operates an internet store under the name "NALLER" on Amazon's online platform. The Defendant offered for sale products that infringe upon Plaintiff's federally registered EMOJI Trademarks. Defendant offers shipping to an Illinois address. Like HANWAJH in *NBA Properties*, Defendant took the multiple steps that are required, while creating its online store on Amazon's platform, to affirmatively target Illinois with the purpose of profiting therefrom. Had

the Defendant not specifically availed itself of the Illinois market, consumers in Illinois could not have otherwise viewed or purchased products from the Defendant's online store. The Defendant therefore purposefully directed its conduct at Illinois consumers and at Illinois.

The Defendant offers infringing products for sale on its online store. Doing so is sufficient to violate the Lanham Act. Like HANWJH, the Defendant's conduct is sufficiently related to the underlying trademark infringement claim and therefore confers personal jurisdiction over the Defendant.

The traditional notions of fair play and substantial justice have been satisfied. Like HANJWH, the Defendant structured its business to easily serve Illinois consumers who wished to buy its infringing products. It is reasonable under those circumstances to expect to be sued for trademark infringement in the forum state wherein those infringing products are offered for sale. Additionally, Illinois has a vested interest in preventing its citizens from purchasing infringing products.

Like HANWJH, the Defendant's conduct has satisfied the requirements for personal jurisdiction in Illinois. It has sufficient minimum contacts with Illinois, its conduct is related to the underlying lawsuit, and it does not offend traditional notions of fair play and substantial justice.

## IV. Conclusion

In view of the foregoing, Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss and Vacate the Default Judgment and to grant any relief the Court deems just.

Respectfully submitted,

Dated: October 11, 2022

By: s/Michael A. Hierl_____
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
rmcmurray@hsplegal.com

Attorneys for Plaintiff
EMOJI COMPANY GmbH

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on October 11, 2022 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

*/s/ Michael A. Hierl*
