EMOJI COMPANY GmbH

Plaintiff,

v.

NALLER

Defendant

Case No. 21-cv-01603

Judge: John J. Tharp, Jr.

**FILED**
**SMB**
10/10/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Supplemental Brief Concerning
## The Effect of The Seventh Circuit's Ruling in NBA Properties v. HANWJH on Defendant's Pending Motion to Vacate Default Judgment and Dismiss The Complaint

After reviewing The Seventh circuit's opinion in the case NBA Properties v. HANWJH("NBA case"), I believe the Emoji case has significant difference with NBA case, including defendant's Purposeful Direction, Relatedness, and Traditional Notions of Fair Play & Substantial Justice. Specifically:

### A. Purposeful Direction

The Seventh circuit followed the Curry case to decide the NBA case, and presents as follows:

*In Curry, the defendant's actions could be fairly "described as purposeful[ly]" directed where it "created an interactive website and explicitly provided that Illinois residents could purchase its products through that website," "arranged for the sale of its products through thirdparty websites," "sent written confirmation to the Illinois customers acknowledging their sale and including their Illinois shipping address," and then, "shipped [the product] to its customers who were in Illinois." 949 F.3d at 399.*

*We see the same purposeful direction here. HANWJH's actions certainly can be characterized as purposeful. It established an online store, using a third-party retailer, Amazon.com. Through this online store, it unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so. When an order was placed, it filled the order, intentionally shipping an infringing product to the customer's designated Illinois address.*

Returning to the Emoji case, Plaintiff only presented a screenshot showing defendant was offering accused product in Illinois, but Plaintiff failed to actually place order and purchase, and defendant didn't ship any accused goods to Illinois, so Plaintiff failed to fully satisfy that standards which set in Curry case, neither did Plaintiff present other corresponding evidence to establish defendant's Purposeful Direction to Illinois residents.

In addition, through searching similar cases, I hereby cite many opinions on personal jurisdiction of Illinois courts as notes[1].

### B. Relatedness

The Seventh circuit in NBA case cites the Curry case and says that "The likelihood of confusion, the basis for the suit, is sufficiently related to HANWJH's act of selling the infringing product to Illinois, the basis for personal jurisdiction, that due process is not offended. See Curry, 949 F.3d at 401-02."

---

[1] RUBIK'S BRAND, LTD.,V. DEFENDANTS (Case No 20-5338, Dkt 73, March 4, 2021); MSM DESIGN AND ENGINEERING LLC.,V.DEFENDANTS (Case No 20-121, Dkt 122, July 28, 2021); MORI LEE, LLC., V. DEFENDANTS(Case No 20-7648, Dkt 97, February 22, 2022); GENERAL TOOLS & INSTRUMENTS, LLC, V. DEFENDANTS(Case No 20-1036, Dkt 73, July 15,2020); SUN CHENYAN V. DEFENDANTS(Case No 20-00221, Dkt 158, May 6, 2021). BMN ENTERTAINMENT, LLC., V. DEFENDANTS (Case No 22-3741, Dkt 45, September 7, 2022).

As to the Emoji case, it is different from NBA case or Curry case. Specifically, first, Defendant didn't actually sell infringing product to Illinois;

Second, offering such accused product didn't cause likelihood of confusion among the consumers in Illinois. The term "Emoji" is not used as a trademark in the description for accused product. "Emoji" is a noun defined in the Oxford Dictionary as "a small digital image or icon used to express an idea, emotion, etc."(Dkt.141). The definition is very appropriate to accused product here, because the accused product (A T-Shirt) has many digital icons used to express emotions, Defendant only used the terms "Cartoon Face Emoji" to describe the pattern on the T-Shirt. What's more, Defendant has clearly shown to consumers that the brand of such product is <u>NALLER</u>. Therefore, such product would not cause likelihood of confusion among the consumers.



Besides, the term "Emoji" should not be used exclusively by the Plaintiff, as the Judge Andrea R. Woodin presented its Opinion as to Emoji cases below :

*"Plaintiff does not claim that Defendants commit trademark infringement by selling a Fire Emoji pendant, a smiley-face emoji pillow, or any other product depicting a particular emoji. Instead, Plaintiff claims that infringement occurs when a Defendant uses the word "emoji" in connection with the sale of those products. Put differently, Plaintiff suggests that any person who sells a product depicting a familiar emoji is forbidden from using the one word that most closely describes the image depicted. Plaintiff's right cannot be so expansive.* (See Case Nos.20-4678, Dkt.96; 21-5319, Dkt. 73; 21-5453, Dkt.80. September 26, 2022).

Further, Plaintiff didn't provide any other evidence to demonstrate that defendant was conducting accused activities or caused confusion among the consumers in Illinois.

Therefore, Plaintiff failed to establish relatedness between defendant and the Illinois.

## B. Traditional Notions of Fair Play & Substantial Justice

There is unfairness in making a seller defend a suit in Illinois. First, Defendant lives in China, due to time difference, region, language and other obstacles, initiation of the lawsuit placed a great burden on Defendant, Defendant cannot come to Illinois to participate in the trial in person. On the other hand, Plaintiff's Counsel lives in Illinois, and he just needs to take screenshot in defendant's online store as evidence and initiate many lawsuits at home, without much more diligence.

Second, Defendant never intended to enjoy nor actually enjoyed benefits for accused business in Illinois, so defendant

should not be subject to personal jurisdiction in Illinois.

Third, Plaintiff failed to demonstrate the Court has proper power to restrain defendant's all funds, judge defendant by default and then order the Amazon Platform to transfer all funds to Plaintiff. As the court presented as follows:

*"...as a practical matter, in Schedule A cases, that recovery almost never happens, if at all. Instead, plaintiffs rush into court, seek and obtain an asset freeze, obtain a default judgment, and then ask district courts to unfreeze the money and award statutory damages, not equitable relief. In that scenario, it is not clear to this Court that it would be appropriate to use any frozen funds for any recovery of statutory damages, because statutory damages are a remedy at law, not a remedy in equity. If Plaintiff believes that it is appropriate for this Court to freeze funds at the outset of the case, and then use those funds to recover statutory damages (not equitable monetary relief) at the end of the case, then Plaintiff must explain why."* (See Nike, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"; Case No.22-cv-01802; Dkt.23; Aug 9, 2022; Judge Steven C. Seeger).

Fourth, Plaintiff's emoji trademark right unreasonably extended too widely in substantial, so that it harmed the interests of other sellers who used Emoji words properly.

Therefore, plaintiff's lawsuit in illinois offended Traditional Notions of Fair Play and Substantial Justice.


**Conclusion,** based on above, Defendant respectfully requests the Court to vacate the default judgment and dismiss plaintiff's complaint.


Date: October 10, 2022                    Respectfully submitted

/s/Deng kaiwen

Email: gentlet@yeah.net

Address: Building 2, Nanguoliyuan, Donghuan 1st Road, Longhua District, Shenzhen,China

188-2044-3552