IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMOJI COMPANY GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 CV 1603 |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

For the reasons set forth in the Statement below, Defendant Kaiwen's motion to vacate the default judgment and dismiss [132] is granted. The default judgment order entered on September 21, 2021, is vacated with respect to Def. No. 128 only and the corresponding claim against Def. No. 128 is dismissed without prejudice.

**STATEMENT**

This is an action for trademark infringement brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051–1141. Plaintiff Emoji Company GmbH is the owner of three federally registered trademarks. The defendants are 229 foreign individuals or businesses who operate e-commerce storefronts on an online marketplace hosted by Amazon.com, Inc. According to the complaint, those storefronts allow consumers to purchase products bearing counterfeit versions of Emoji's trademarks.

Defendant Deng Kaiwen (Def. No. 128) is a Chinese resident who at all relevant times operated an Amazon storefront entitled NALLER. Like most of his co-defendants, he did not initially appear and was held in default. The default judgment against him included statutory damages and an order requiring Amazon to deactivate Mr. Kaiwen's storefront and to freeze any assets Amazon held on Mr. Kaiwen's behalf. The asset freeze prompted Mr. Kaiwen's belated appearance.

Appearing *pro se* and moving under Federal Rule of Civil Procedure 60(b)(4), Mr. Kaiwen now requests relief from the default judgment on grounds that it is void for lack of personal jurisdiction. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . ."). "On a Rule

60(b)(4) motion, the defendant bears the burden of proving the court's lack of personal jurisdiction." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 911 (7th Cir. 2015). No material facts are in dispute here, thus Mr. Kaiwen's jurisdictional objection may be resolved without an evidentiary hearing. *Id.* at 912.[1]

The Lanham Act does not have a special federal rule for personal jurisdiction; thus, the law of the forum governs personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); Fed. R. Civ. P. 4(k)(1). In Illinois, "[a] court may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill Comp. Stat. 5/2-209(c); *see also NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 620 n.15 (7th Cir. 2022) (identifying no differences between Illinois and federal due process standards).

"For a court to exercise personal jurisdiction over an out-of-state defendant, the key issue for constitutional purposes is whether the defendant has sufficient 'minimum contacts' with the forum state such that . . . he or she 'should reasonably anticipate being haled into court' there." *Felland v. Clifton*, 682 F.3d 665, 672–73 (7th Cir. 2012); *accord Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test has been "condensed to three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) and *Int'l Shoe*, 326 U.S. at 316).

The question here implicates both the first and second requirements. As to both, the dispositive fact is that Mr. Kaiwen never sold anything to any Illinois consumer. Emoji's jurisdictional argument is based only on a screenshot of Mr. Kaiwen's NALLER storefront showing an allegedly counterfeit product selected for purchase and shipment to an Illinois address. Ex. A to Resp. 6, ECF No. 138-1. According to Emoji, the screenshot shows that Mr. Kaiwen "intentionally created and operated a commercial, fully interactive [e-commerce storefront] through which Illinois customers *could* purchase counterfeit [Emoji products]." Resp. 8, ECF No. 138 (emphasis added). But Emoji concedes that the depicted order was never placed, the shipment never occurred, and the product was never received by an Illinois consumer. In short, there is no evidence Mr. Kaiwen ever sold anything to anyone in Illinois. It is difficult to see how Mr. Kaiwen purposely availed himself of the privilege of doing business in Illinois without ever doing business in Illinois. And because Mr. Kaiwen sold *nothing* in Illinois, it is impossible to conclude that he caused any injury in Illinois by selling goods that infringed on Emoji's trademarks.

---

[1] It may also be presumed for present purposes that the conduct attributed to Mr. Kaiwen constitutes trademark infringement. Mr. Kaiwen challenges that conclusion as well as the propriety of his electronic service of process, but the inquiry posed by Mr. Kaiwen's jurisdictional challenge takes precedence. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication.").

Personal jurisdiction may not be premised on "the operation of a 'passive' website . . . which merely makes available information about the company and its products." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004). There must be "some level of 'interactivity' between the defendant and consumers in the forum state." *Id.* at 550. But "even if [the] site is 'interactive,'" a defendant should not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010). Aside from a forum-accessible website, a defendant must in some way target or exploit the forum state's market. *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011). For instance, in *Hemi*, a defendant was subjected to personal jurisdiction in Illinois "not merely because [the defendant] operated several 'interactive' websites," but because the defendant shipped "more three hundred packs of cigarettes" to Illinois customers "[a]fter the customers made their purchases online." *Id.* at 755, 758, 760. Similarly, in *Curry v. Revolution Laboratories, LLC*, personal jurisdiction was found to exist over a defendant who shipped and sold 767 counterfeit products to Illinois residents through a fully interactive website. 949 F.3d 385, 399–400 (7th Cir. 2020). Those sales, the Seventh Circuit noted, are what "distinguish[ed] [the *Curry* defendant] from 'the defendant that merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state.'" *Id.* at 400 (quoting *be2 LLC*, 642 F.3d at 559). And in *NBA Properties, Inc. v. HANWJH*—a case that is factually identical to this case in all ways but one—the Seventh Circuit confirmed personal jurisdiction over a defendant who "unequivocally asserted a willingness to ship goods to Illinois" through its e-commerce storefront. 46 F.4th 614, 624 (7th Cir. 2022). But critical to this holding was the fact that the defendant also "established the capacity to do so" when the defendant fulfilled an order placed by the plaintiff's investigator for shipment of an infringing product to Illinois. *Id*. The Seventh Circuit, to be sure, rejected the notion that there is "a categorical rule that multiple online sales, as opposed to a single online sale, are required to establish a sufficient basis for personal jurisdiction," *id.* at 625, but in doing so it did not suggest, much less hold, that personal jurisdiction could be established absent ***any*** sales whatsoever.

Here, Emoji's agent unilaterally accessed Mr. Kaiwen's NALLER storefront, selected a product for purchase, and entered an Illinois address into the ship-to field. Mr. Kaiwen does not refute Emoji's assertion that this evidences an invitation to "***potential*** Illinois buyers to place orders and buy counterfeit [Emoji] products." Resp. 8, ECF No. 138 (emphasis added). But likewise, Emoji does not refute Mr. Kaiwen's counter that he "never shipped [the] accused product to [the] United States, let alone Illinois." Reply 2, ECF No. 141. It is undisputed then that "[Emoji] only presented a screenshot showing [Mr. Kaiwen] was offering accused product[s] in Illinois, but [Emoji] failed to actually place [the] order . . . and [Mr. Kaiwen] didn't ship any accused goods to Illinois . . . ." Def.'s Suppl. Br. 1, ECF No. 149. In other words, it is undisputed that Mr. Kaiwen could have exploited the Illinois market—but never actually did so. This does not give rise to personal jurisdiction in Illinois. *Cf. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("[I]f having an interactive website were enough in situations like this one, there is no limiting principle—a plaintiff could sue everywhere."). The default judgment issued against Mr. Kaiwen is therefore void. Lacking

personal jurisdiction over Mr. Kaiwen, this action is dismissed as to Mr. Kaiwen. The dismissal is without prejudice to refiling the claim in a court of competent jurisdiction.

Date: January 11, 2023

John J. Tharp, Jr.
United States District Judge

4